Your argument now in the case of Cook Medical, the appeal of Cortez. Good morning. Mr. Gallant. Yes, your honor. Good morning. May it please the court. This is Michael Gallant representing the appellant, Plaintiff Valerie Cortez. Appellant appealed in order in the multi-district litigation MDL 2570 dismissing her case pursuant to Aptly Cook's Rule 12c motion for judgment on the pleadings. Who was the district judge and from which district were you appealing? Judge Young. It's the Southern District of Indiana. Your briefs misname him as Robert Young and your briefs indicate that it's an appeal from the Northern District of Indiana. Well I apologize for that error, your honor. There are two issues before the court. Whether the district court abused its discretion in not granting leave for plaintiff to amend its complaint and whether the district court erred in dismissing appellant's well-pled allegations in support of Indiana's equitable estoppel doctrine of fraudulent concealment. There is at least. Go ahead, Judge Rogner. Thank you. You're seeking a remand to have an opportunity to amend the complaint, but can you identify to us precisely what amendment you can make that would demonstrate fraudulent concealment? Yes, your honor. So in addition to the allegations of the complaint, which as you saw in our brief, we think were we would be able to add additional allegations concerning essentially the timeline in greater detail as to what Cook knew about the Gunther Tulip IVC filter that was implanted in Ms. Cortez in 2006 and the efforts over time by Cook to continue to mislead or misrepresent the safety and efficacy of that product for implantation. Can you point to any misrepresentations made by the defendants as to the filter other than the representations that they were, quote, safe and effective? If that is the only misrepresentation, how can we say that such a vague statement is and hinder a plaintiff from obtaining information by the use of ordinary diligence or to prevent inquiry or allude investigation, which of course is what we would have to do. Another allegation that could be added specifically in this case is to add allegations concerning the adverse events that were being reported to Cook over time, showing that the incidence of failure as in perforation of the inferior vena cava and migration and failure or fracture of the device were not being accurately reported by Cook in its representations to the medical community, specifically to the plaintiff's physician. Additionally, there was information known to Cook that the filter, which was marketed as a retrievable filter, became markedly less so after 14 days of implantation. And the plaintiff could certainly add allegations with regard to those ongoing misrepresentations as to the efficacy and safety of the product specifically for the purpose at which it was marketed. Mr. Golan, you began by saying there were two issues. But I wonder whether there isn't a third here hidden and not briefed by the party, which is that you assume that the doctrine of fraudulent concealment or, for that matter, any other tolling doctrine applies to the statute of repose in Indiana as well as to a statute of limitations. And I wonder what the basis of that assumption is, because I've looked and I haven't so far found any support for the proposition that Indiana would view a statute of repose as extendable by any doctrine at all. Judge Easterbrook, the issue of whether or not to extend the doctrine of fraudulent concealment to the statute of repose was one that we couldn't find any court having addressed that in Indiana on point. Well, one Indiana court of appeals has said that it can't be so used. The Supreme Court of Illinois, so far as I know, has not addressed it. But you have filed a brief in this court simply assuming that the answer in Indiana is that it can be so used. By the way, so far as I can figure out, Oregon has pretty much definitively established that it can't be so used for purposes of their statute. Do you have any basis for thinking that the Indiana judiciary would apply this doctrine to a statute of repose? Well, I think the same policy considerations that would go to extend the doctrine of fraudulent concealment to the statute of repose apply equally. Well, I don't know about policy considerations, but the normal understanding of a statute of repose is that it's much longer than the statute of limitations, which sets an outer bound after which no suit is allowed. And the idea of setting an outer bound doesn't work if the outer bound can be indefinitely extended. I think you may have heard in the last two cases we have ordered supplemental briefing. I think we need supplemental briefing in this case, too, on the question whether Indiana's statute of repose or Oregon's is subject to extension on claims of fraudulent concealment or fraudulent or any other tolling doctrine. Well, the appellant would be happy to provide additional briefing on that subject, Judge. I do think, though, that the reason for fraudulent concealment and tolling the statute of limitations period generally and it being an equitable doctrine, the rationale would be the same across both the use of the doctrine to extend the limitation, the statute of limitations or the statute of repose, giving a defendant the benefit of withholding or concealing. I'm sorry, Judge. We are not a state court. We don't get to decide this. My question, what I would like the parties to address is specific. Have the Indiana or, for that matter, Oregon courts said anything that would support the application of a tolling doctrine to a statute of repose? And if you can't find a good answer in Indiana, perhaps you can find how other states with statutes of repose have addressed that question. It's in diversity litigation. This is not something that we should make up at the Seventh Circuit level. We just need to find out how states are handling this question. I hope that helps you understand what my concern is. It does, Judge, and we'd be happy to provide supplemental briefing on that question. So, turning to another issue on appeal is that I would like to note that this issue of whether or not it would be futile for the plaintiff to amend her pleading to satisfy the requirements of the doctrine of equitable estoppel is one that was answered recently by Judge Young in that he has, on a motion, a similar motion by Cook to dismiss 698 plaintiffs who are relying on the doctrine, allowed them time to go ahead and amend the complaint to add specific, fact-specific allegations concerning the doctrine. I'd like to yield the balance of my time for rebuttal or reserve.  Thank you, Your Honor. Mr. Jones. Thank you, Your Honor. Bruce Jones on behalf of the Cook defendants. At the outset, I'm constrained to point out and correct a misstatement that appears in the plaintiff's reply brief here. In fact, the plaintiff, Cortez, never asked the district court for leave to amend, not in the moving, not in the papers, not in any hearing, not after the judge was, it never happened. The passage that plaintiff cites on page 4 of her reply brief, a quotation from a hearing that's contained in the appendix, is from a different case. That was a hearing on a motion to dismiss, based on the statute of repose, in a case called Andrea Sons, S-O-N-S. You'll see when Judge Young calls the case on page 70 of the appendix, he calls the Andrea Young, excuse me, Andrea Sons case. Mr., the plaintiff, on page 9 of her initial brief, notes that only the Sons case received a hearing, and the index to the appendix lists this transcript as the transcript of the hearing on the Andrea Sons case. There was no one representing Ms. Cortez at the hearing. Ms. Sons' name is mentioned specifically 16 times. Ms. Cortez is not mentioned at all. This was a different attorney making a different argument, in a different case, representing a different plaintiff, relying on plaintiff-specific declaration. So the suggestion that, based on this passage, that Ms. Cortez requested leave to amend her complaint is simply not an accurate reflection of the record. Since we didn't have a chance to reply to the reply, I felt compelled to point that out to the court. If I may ask, just for my own clarification, how soon would the court like the supplemental memo that you asked for on the... 14 days. 14 days. Thank you, Your Honor. The difficulty with the plaintiff's position on the statute of... excuse me, on the fraudulent concealment issue is reflected in the recitation of the facts that counsel just did. All those facts relate to a claimed concealment of the risk of the product. All those things were claimed to have been mistaken, and the risk was concealed, and that that led to the plaintiff's decision plaintiff's doctor to use this product and therefore ultimately resulted in her injury. But that's not what fraudulent concealment looks at. Fraudulent concealment looks at the fraudulent concealment of a cause of action, and nothing in what Mr. Gallant just said suggests either that Cook knew that plaintiff had a cause of action against it,  If you take a look at the cases from the Indiana courts that address this kind of issue and that find fraudulent concealment, you'll see that they're all addressing conduct after the injury occurred by the defendant that the plaintiff claimed prevented them from discovering the cause of action. In the Lyons case, which is the main Indiana Supreme Court case that both parties looked to, there was an allegation. This was a case involving the death of a special needs child in a lunchroom by choking on food. And there were allegations that the school district had lied to the parents about the amount of time that she had been without oxygen. There was an allegation that the school district had allowed the destruction of a videotape that would have shown exactly what happened. And there was an allegation that the school district had actually threatened employees not to talk to anybody about the incident. In that circumstance, there was a viable claim of fraudulent concealment because there were actions taken after the injury by the defendant that would have had a tendency to conceal or prevent the plaintiffs from finding out that they had a cause of action against the school district. That's not what we've got here. In the Guy v. Schmidt case, which is also cited in the party's briefs, the doctor broke off a drill bit inside the patient's bone and left it there and didn't tell the plaintiff. The plaintiff didn't find out until later, three years later when another doctor had the treatment infection and discovered the drill bit in there. Because of the fiduciary relationships, the court held that the doctor had a duty to tell the patient about the drill bit and the potential cause of action. He didn't do that. Therefore, fraudulent concealment told the statute of limitations. Mr. Jones? Yes. The district court was seen to rely a fair amount on the Bridgestone-Firestone opinion by Judge Barker in an earlier MDL on fraudulent concealment. Can we agree that that was, in fact, a discussion of Kentucky law rather than Indiana law on fraudulent concealment? Yes, it was, Your Honor. He also cites the Indiana cases like Lyons that I just mentioned. He was simply talking about his own... The problem... I mean, there are a couple of problems. And Judge Easterbrook raised questions with Mr. Gallant that I had as well, in particular with respect to whether fraudulent concealment applies at all, and if so, to what extent to statutes of repose. Everything I've read from Indiana, with the exception of the Kissel case, is about statutes of limitations or, as in Lyons, the tort claims filing deadline, those much shorter deadlines that have been deemed subject to fraudulent concealment. We'll look forward to those supplemental memos. Thank you, Your Honor. The other point I wanted to bring up was the alternative ground for dismissing the action, dismissing the claim based on the pleadings, which was Rule 9b. We had raised this in the district court, arguing that the allegations of fraud in the complaint failed to state the particularity... Does a complaint have to anticipate a statute of repose defense and then plead with particularity of a rebuttal to that affirmative defense? It does not, Your Honor. But here, plaintiffs actually did plead it. They plead it in the master complaint, and Ms. Cortez adopted that master complaint through her short-form complaint. So when you do plead it, you have to plead it in compliance with the rules. And even if it hadn't been pled at all, once Cook raised the statute of repose in its motion to dismiss, at that point, at least, the plaintiff was required to come forward and state a claim of fraudulent concealment with particularity under Rule 9b if she was going to rely on that for the defense. Is she entitled to discovery related to that rebuttal to the defense? No. I mean, the whole idea of Rule 9b is that if you're going to claim that a party has committed fraud, whether fraudulent concealment or some other kind of fraud, you need to have those facts, at least the facts... If it is an affirmative claim for relief based on fraud, that's correct. Does that extend to circumstances like this, alleged fraudulent concealment? It does, Your Honor. The court's decision, Insurer v. Balcoma, 840 F. 2nd 437, specifically held that to invoke fraudulent concealment doctrine, a plaintiff must, quote, plead with particularity the circumstances surrounding the concealment. And that was a case in which the plaintiff tried to invoke the fraudulent concealment doctrine to avoid the statute of limitations in that case. Okay. Thank you. Here, the plaintiff's reply, excuse me, does not address this pretty much at all. It simply cites Rule 8, which is the general pleading requirement for the usual type of allegations. Here, when you have the allegations that allege fraudulent concealment, you need to state them with particularity under Rule 9b. They clearly don't do that. They don't state the who, what, when, where, or how of the supposed communication between, from Cook to Cortez that contained the fraudulent concealment or that omitted whatever information is claimed to have concealed the existence of the cause of action. So it would submit, in addition to the failure to plead the elements of fraudulent concealment adequately, plaintiff's claim can also be dismissed based on the failure to plead with particularity. Your Honor, unless the Court has further questions, I will rest. Thank you. Thank you very much, Counsel. Mr. Gallant, we'll round your time up to an entire minute. Thank you so much. So just very quickly, Judge, Your Honors, the Scherer case referred to by Coates' counsel is distinguishable on its facts in that there, the plaintiff in her complaint made no allegation of any affirmative conduct by the defendant and admitted that he knew certain facts before the limitations period expired. Those things do not exist in Cortez' case. And in fact, her complaint is completely silent on when he discovered her cause of action against Cook. And I think under any analysis to prevail on an affirmative defense, the defendant would have to establish when she was on notice of her claim. And as the Court properly pointed out, the plaintiff is not required to plead around anticipated affirmative defenses. Thank you very much, Counsel. The case is taken under advisable.